OPINION — AG — ** (1) THE 1929 RESALE AND THE RESALE DEED TO THE COUNTY, INVOLVED IN YOUR QUESTION, WERE VOID, AND ALSO CONCURS IN YOUR CONCLUSION THEREFROM, THAT THE COUNTY ACQUIRED NO TITLE WHICH IT WOULD CONVEY TO A BIDDER THEREFOR, AND THAT SUCH RESALE DEED DID NOT HAVE THE EFFECT OF CANCELING ANY DELINQUENT TAXES THERETOFORE LEVIED AGAINST THE ASSESSMENT OF THE PROPERTY IN QUESTION OR OF EXEMPTING SUCH PROPERTY FROM AD VALOREM TAXES FOR ANY YEAR OR YEARS. (2) NEITHER THE COUNTY ASSESSOR NOR THE COUNTY BOARD OF EQUALIZATION OF THE COUNTY WOULD BE AUTHORIZED, AT THIS TIME, BY 68 O.S. 15.20 [68-15.20], TO ASSESS THE PROPERTY INVOLVED IN YOUR QUESTION FOR 1952 OR FOR ANY PRIOR OR YEARS. (TITLE, DELINQUENT TAXES, TAX ROLLS, TAX SALE, DESCRIPTION, ASSESSMENT, PENALTY) (3) THERE IS NOT AUTHORITY FOR THE REFUND OF RENTALS COLLECTED BY THE COUNTY ON LANDS ACQUIRED BY THE COUNTY AT RESALE, OR FOR THE PAYMENT BY THE COUNTY TO THE REAL OWNERS OF SUCH LANDS, OF THE RENTAL VALUE OF, OR THE RENTALS DERIVED FROM, LANDS ACQUIRED BY THE COUNTY AT RESALE, EVEN THOUGH THE RESALE TO THE COUNTY WAS VOID. CITE: 68 O.S. 15.20 [68-15.20], 68 O.S. 15.40 [68-15.40], 68 O.S. 351 [68-351] (JAMES C. HARKIN)